UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOUREDDINE ECASALI,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>SCOTT MCMILLIN, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 24-cv-02489-BAS-JLB<br><br>**ORDER:**<br>　1. **GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS* **(ECF No. 2);**<br>　2. **DISMISSING THE COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND; AND**<br>　3. **DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 3)** |

　　　Plaintiff files suit against eighteen Defendants, both corporate and individual, without distinguishing between Defendants, alleging violations of the Federal Fair Housing Act, California Fair Housing Act, and the Fourteenth Amendment. (ECF No. 1.) Simultaneously, Plaintiff files a Motion to Proceed *In Forma Pauperis* ("IFP") (ECF No. 2) and a Motion for Appointment of Counsel (ECF No. 3).

　　　The Court finds Plaintiff has made a sufficient showing of poverty and **GRANTS** the Motion to Proceed IFP. (ECF No. 2.) However, because Plaintiff has failed to allege

sufficient facts to state a claim, the Court **DISMISSES** the Complaint with leave to amend and **DENIES** Plaintiff's Motion for Appointment of Counsel.  (ECF No. 3.)

## I. BACKGROUND

Plaintiff files suit against Scott McMillin; Mark D. McMillin; C. Ann McMillin; Andy McMillin; McMillin Realty, Inc.; McMillin, LLC; McMillin Home Construction, Inc.; MCFT Holdings, LLC; DNMS Holdings, LLC; Central Valley Investors II, LLC; Lawrence D. Crandall; Nick Crandall; Andrew Parashos; Nicole Sarber; Jennifer Nicole Phillips; Torrey Pines Property Management, Inc.; Torrey Pines Repair and Construction, Inc.; and Legacy Commercial Management, Inc.  (ECF No. 1.)

According to her Complaint, "Defendants refuse to lease the unit for me because of my National Origin, Religious belief—and also because I was using an Assistance Voucher (Section 8)." (*Id.* at 2:6–8.) Plaintiff further claims Defendants "only lease to White people . . . discriminating against colored people including myself." (*Id.* at 2:7–10.)  Finally, Plaintiff alleges that to "[a]dd insult to injury[,] Defendants McMillins has just filed a lawsuit against City of San Diego last September because the City is building housing for Disadvantaged people by SD Airport[,] and the City has given McMillin a property worth billions of Dollars for only $8." (*Id.* at 2:21–26.)  Plaintiff does not name any Defendants individually, nor explain their role in the alleged events.  Plaintiff also does not specify where she wished to lease a unit, who owned that unit or how the City's gift of property to McMillin pertains to her Fair Housing Act claim.

## II. ANALYSIS

### A. IFP

Plaintiff files a Motion to Proceed IFP.  (ECF No. 2.)  Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the Court to proceed without making such payment.  The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has

- 2 -

24cv2489

satisfied the statute's requirement of indigency."), *rev'd on other grounds*, 506 U.S. 194 (1993). A party need not be completely destitute to satisfy the IFP indigency threshold. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To qualify for IFP status, "an affidavit is sufficient which states that one cannot because of his 'poverty pay or give security for costs . . . and still be able to provide' himself and dependents 'with the necessities of life.'" *Id.* at 339. However, "care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

Plaintiff lists $0 on every line of the IFP application—both income and expenses. Although this might give the Court pause as to how she is subsisting, she does list "CalFresh" under "food" expenses and "Medicaid" under "medical and dental" expenses. (ECF No. 2 at 4 § 8.) In addition, in the Complaint, Plaintiff refers to receiving Section 8 housing. (ECF No. 1 at 2:4–6.) Therefore, the Court concludes Plaintiff is sufficiently indigent that she is unable to pay the filing fee.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP. (ECF No. 2.)

### B. Pre-answer Screening

#### 1. Legal Standard

Because Plaintiff is proceeding IFP, the Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B*). See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). Under this statute, the Court must sua sponte dismiss a plaintiff's complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Id.* at 1126–27 (9th Cir. 2000) (discussing 28 U.S.C. § 1915(e)(2)).

"The standard for determining whether a plaintiff has failed to state a claim for relief under which one can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as the [Federal Rule of Civil Procedure ("Rule") 12(b)(6)] standard for failure to state a claim.

*Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to 28 U.S.C. § 1915 "incorporates the familiar standard applied in the context of failure to state a claim under [Rule] 12(b)(6)").

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.* Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In addition, Rule 8(a) requires that a complaint include a short and plain statement of the basis for the Court's jurisdiction, a short and plain statement of the legal claims being asserted, and a demand for judgment for the relief sought. Rule 8(d)(1) requires each allegation to be "simple, concise, and direct." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). This rule "applies to good claims as well as bad," and it is a reason for dismissing a complaint that is independent of Rule 12(b)(6). *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

Undifferentiated pleading against multiple defendants is generally improper. *See Aaron v. Aguirre*, No. 06-cv-1451-H (POR), 2007 WL 959083 at *16 n.6 (S.D. Cal. Mar. 8, 2017), citing *In re Sagent Tech., Inc.*, 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003) ("[T]he complaint fails to state a claim because plaintiffs do not indicate which individual defendant or defendants were responsible for which alleged wrongful act."); *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (finding that lumping together multiple defendants in one broad allegation fails to satisfy the notice requirement of Rule

8(a)(2)); *but see Christensen v. Alorica, Inc.*, No. 2:20-cv-15-KJD-BNW, 2020 WL 9048657, at *4 (D. Nev. June 4, 2020) (finding that although "there is no blanket rule against using the term 'defendants' to satisfy the notice pleading standards of Rule 8," the use of the global term defendants "depends on context.")

As a general rule, a court freely grants leave to amend a complaint which has been dismissed. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

### 2. Analysis

Plaintiff fails to state a claim under both Rule 12(b)(6) and Rule 8. The Complaint purports to be a class action lawsuit under both Federal and California Fair Housing Acts, as well as the Fourteenth Amendment, against eighteen defendants, nine of whom appear to be individuals. Plaintiff does not explain what role each of these Defendants had in her case, nor is there any information about what class she purports to represent. There is no information about where Plaintiff tried to lease a unit or why she believes the named Defendants only lease to white people. Without more, Defendants do not have fair notice of what Plaintiff's claim is and what the grounds are for that claim.

Because the Complaint contains insufficient information about the alleged claims, the Court sua sponte **DISMISSES** the Complaint, but will give Plaintiff the opportunity to amend. Any Amended Complaint must be complete without reference to the earlier Complaint. Any Defendant not listed in the Amended Complaint will be deemed dismissed from the case. Plaintiff must explain in any Amended Complaint why she thinks each of the listed eighteen Defendants should be held liable for her claims.

### C. Right to Counsel

There is no constitutional right to counsel in a civil case. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Lassiter v. Dep't. of Social Servs.*, 452 U.S. 18, 25 (1981). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that

an attorney represent an indigent civil litigant, this discretion may be exercised only under "exceptional circumstances." *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the Court "to consider whether there is a 'likelihood of success on the merits' and whether 'the [plaintiff] is unable to articulate [her] claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015) (quoting *Palmer*, 560 F.3d at 970).

As the case stands, Plaintiff has yet to demonstrate either a likelihood of success on the merits of her claims or that their legal complexity warrants referral to potential pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1). *See Terrell*, 935 F.3d at 1017; *Palmer*, 560 F.3d at 970.

Moreover, Plaintiff's suit is only in its initial pleading stages; time has yet to tell whether she is likely to succeed on the merits of any claim. *Id.*; *see also Garcia v. Smith*, No. 10cv1187 AJB(RBB), 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (denying appointment of counsel where plaintiff's complaint survived defendants' motion to dismiss pursuant to Rule 12(b)(6), but it was "too early to determine" whether his adequately pleaded claims were likely to succeed on the merits or even survive summary judgment).

### III.   CONCLUSION

For the above reasons, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2), but **DISMISSES** the Complaint without prejudice for failure to state a claim. Any Amended Complaint must be filed by **March 24, 2025**. Furthermore, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel. (ECF No. 3.)

**IT IS SO ORDERED.**

**DATED: March 3, 2025**

Hon. Cynthia Bashant, Chief Judge
United States District Court