UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOUREDDINE ECASALI,<br><br>   Plaintiff,<br><br>   v.<br><br>SCOTT MCMILLIN, *et al.*,<br><br>   Defendants. | Case No. 24-cv-02489-BAS-JLB<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

Plaintiff filed suit against eighteen Defendants, both corporate and individual, on December 30, 2024, alleging violations of the Federal Fair Housing Act, the California Fair Housing Act, and the Fourteenth Amendment. (ECF No. 1.) On March 3, 2025, the Court issued an Order which, *inter alia*, dismissed the Complaint with leave to amend for failure to state a claim and directed Plaintiff to file an Amended Complaint by March 24, 2025. (ECF No. 4.) On April 28, 2025, the Court issued an Order requiring Plaintiff to show cause by May 2, 2025, as to why this case should not be dismissed, and warned that failure to file an adequate response by that deadline would result in dismissal of the action. (ECF No. 5.) Plaintiff has not responded or otherwise communicated with the Court.

District courts have inherent authority to manage their dockets, including dismissing cases for failure to prosecute or comply with court orders. *See Ferdik v. Bonzelet*, 963 F.2d

1258, 1260 (9th Cir. 1992). This inherent power exists independently of a district court's authority to dismiss an action under Federal Rule of Civil Procedure 41(b). *Link v. Wabash R.R.*, 370 U.S. 626, 630–32 (1962). "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik*, 963 F.2d at 1260.

The circumstances in which a court may exercise its inherent power to dismiss an action include where a plaintiff has failed to prosecute the case, failed to comply with a court order, or engaged in judge shopping. *Link*, 370 U.S. at 630. In determining whether to exercise this power, the district court must weigh five factors: (1) the public's interest in expeditious resolution of litigation, (2) the court's docket management needs, (3) the risk of prejudice to defendants, (4) public policy favoring disposition of cases on their merits, and (5) availability of less drastic alternatives. *Ferdik*, 963 F.2d at 1260–61. Although it is preferred, the district court is not required to "make explicit findings in order to show that it has considered these factors." *Id.* at 1261.

More than nine weeks have passed since the Court ordered Plaintiff to amend her Complaint, and over six weeks have elapsed since the deadline to do so. Moreover, the deadline to show cause has now expired. To date, Plaintiff has not filed an amended complaint, nor has she requested an extension of time in which to do so. "The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that [she] will not do so—is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004). Having weighed the appropriate factors, the Court concludes that dismissing this case is warranted. *See Ferdik*, 963 F.2d at 1260–61.

Accordingly, the Court **DISMISSES** this action **WITHOUT PREJUDICE**. The Clerk of the Court shall enter judgment accordingly and close the case.

**IT IS SO ORDERED.**

**DATED:** May 7, 2025

Hon. Cynthia Bashant, Chief Judge
United States District Court